# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| ROBERT ALLAN UNGER, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:16cv00528 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| DERRICK ASTON, | ) | By: Norman K. Moon |
|     Defendant. | ) | United States District Judge |

Plaintiff Robert Allan Unger, a Virginia inmate proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983, concerning an order of interdiction against him in Frederick County, Virginia. Having reviewed the complaint, I conclude that it must be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Unger names Assistant Commonwealth's Attorney Derrick Aston as the sole defendant to this action and alleges that Aston was involved in the case that resulted in the order of interdiction against Unger. Although largely incomprehensible, it appears that Unger is alleging that the order of interdiction was entered against him in 2012, for an initial period of one year and that the interdiction is "continued" "year after year." Unger states that he asked to vacate the order of interdiction, apparently to no avail, after he had "no public intox[ication] charges." Unger asks the court to assist Aston in making an agreement to cancel the order of interdiction.

To state a claim for relief under § 1983, a plaintiff must allege facts indicating that plaintiff has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). In this case, Unger has not alleged that he has been deprived of any right guaranteed by the Constitution or laws of the United States. Moreover, as

an Assistant Commonwealth's Attorney, Aston is immune from suit in his official capacity under the Eleventh Amendment, *see Harter v. Vernon*, 101 F.3d 334, 340 (4th Cir. 1996) (citing *Bockes v. Fields*, 999 F.2d 788, 790-91 (4th Cir. 1993)); and he is entitled to absolute immunity for acts within the scope of his prosecutorial duties, *see Imbler v. Pachtman*, 424 U.S. 409, 420 (1976); *Springmen v. Williams*, 122 F.3d 211, 213 (4th Cir. 1997). Accordingly, I will dismiss this action without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**ENTER**: This 30th day of August, 2017.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE